UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

VICTOR T.B. EVENSON,

    Plaintiff,

  v.

DOUG HIGGINS, *et al.*,

    Defendants.

Case No. C04-5810RBL

REPORT AND RECOMMENDATION

**NOTED FOR:
JUNE 24th, 2005**

This Civil Rights action has been referred to the undersigned Magistrate Judge pursuant to Title 28 U.S.C. § 636(b)(1)(B). Before the court is defendant's motion for summary judgment. (Dkt. # 17). Plaintiff sought and received an extension of time to respond to the motion but did not file any response. (Dkt. # 19 and 21). The order granting plaintiff an extension of time was returned to the court and plaintiff has not provided any updated address.

Having reviewed the motion for summary judgment and attached documentation the court concludes that this action is barred by a running of the statute of limitations. Accordingly, the defendants are entitled to **DISMISSAL WITH PREJUDICE**.

FACTUAL BACKGROUND

Plaintiff names two Grays Harbor county correctional officers and the county sheriff as defendants and files this complaint to challenge a use of force that occurred on August 6th, 2001. (Dkt. # 4). Defendants allege that plaintiff and his cellmate were disruptive and therefore required relocation to

ORDER- 1

an Intensive Management Unit of the jail. (Dkt. # 17).

During the transport, while in the elevator, plaintiff made a sudden movement towards officer Davis. Defendants believed plaintiff was attempting to spit on the officer and plaintiff was forcibly taken to the ground using a hair hold. (Dkt. # 18). Plaintiff was passively resistant to movement after the use of force in the elevator and had to be physically carried to his new cell using arm holds. (Dkt. # 18). Plaintiff threatened the officers after the use of force and was infracted for his behavior. (Dkt. # 18). Despite the fact that the jail has a grievance system plaintiff filed no grievance regarding the use of force. (Dkt. # 18).

Plaintiff originally filed an action in this court in 2003 alleging the force used against him was excessive. That action was dismissed without prejudice as plaintiff had not exhausted the jails grievance system. See, Evenson v. Davis *et al.,* C03-5413FDB. This action was filed November 30th, 2004.

## SUMMARY JUDGMENT STANDARD

Pursuant to Fed. R. Civ. P. 56 (C), the court may grant summary judgment "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any, show that there is no genuine issue of material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56 (C). The moving party is entitled to judgment as a matter of law when the nonmoving party fails to make a sufficient showing on an essential element of a claim on which the nonmoving party has the burden of proof. Celotex corp. v. Catrett, 477 U.S. 317, 323 (1985).

There is no genuine issue of fact for trial where the record, taken as a whole, could not lead a rational trier of fact to find for the nonmoving party. Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 586 (1986)(nonmoving party must present specific, significant probative evidence, not simply "some metaphysical doubt."). *See also* Fed. R. Civ. P. 56 (e). Conversely, a genuine dispute over a material fact exists if there is sufficient evidence supporting the claimed factual dispute, requiring a judge or jury to resolve the differing versions of the truth. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 253 (1986); T. W. Elec. Service Inc. v. Pacific Electrical Contractors Association, 809 F.2d 626, 630 (9th Cir. 1987).

ORDER- 2

The determination of the existence of a material fact is often a close question. The court must consider the substantive evidentiary burden that the nonmoving party must meet at trial, e.g. the preponderance of the evidence in most civil cases. Anderson, 477 U.S. at 254; T.W. Elec. Service Inc., 809 F.2d at 630. The court must resolve any factual dispute or controversy in favor of the nonmoving party only when the facts specifically attested by the party contradicts facts specifically attested by the moving party. *Id.*

The nonmoving party may not merely state that it will discredit the moving party's evidence at trial, in hopes that evidence can be developed at trial to support the claim. T.W. Elec. Service Inc., 809 F.2d at 630.(relying on Anderson, *supra*). Conclusory, nonspecific statements in affidavits are not sufficient, and "missing facts" will not be "presumed." Lujan v. National Wildlife Federation, 497 U.S. 871, 888-89 (1990).

## DISCUSSION

### Statute of Limitations.

42 U.S.C. § 1983, the Civil Rights Act, contains no statute of limitations. The statute of limitations from the state cause of action most like a civil rights act is used. Usually this is a states personal injury statute. In Washington a plaintiff has three years to file an action. Rose v. Rinaldi, 654 F.2d 546 (9th Cir 1981). The use of force in question occurred on August 6th, 2001. Plaintiff had until August 6th, 2004 to file an action. This action was not filed until November 30th, 2004, 116 days after the statute had run.

Defendants note that the filing of the first case did not toll the running of the statute. (Dkt. # 17)  defendants state:

> The Court dismissed Evenson's first lawsuit without prejudice. The statute of limitations was therefore not tolled by the filing of that complaint. *See*, *e.g.*, *Cardio-Medical Assoc., Ltd. v. Crozer-Chester Medical Center*, 721 F.2d 68, 77 (3d Cir.1983) ( "It is a well recognized principle that a statute of limitations is not tolled by the filing of a complaint subsequently dismissed without prejudice. As regards the statutes of limitations, the original complaint is treated as if it never existed."). *See also Wei v. Hawaii*, 763 F.2d 370, 372 (9th Cir.1985); *Brown v. Hartshorne Pub. Sch. Dist. # 1*, 926 F.2d 959, 961 (10th Cir.1991); *Wilson v. Grumman Ohio Corp.*, 815 F.2d 26, 28 (6th Cir.1987) (per curiam).

(Dkt. # 17 page 6). Plaintiff has not responded or contradicted defendants argument. According the

ORDER- 3

court finds this action time barred. Having reached this conclusion this Report and Recommendation does not address the remaining arguments.

## CONCLUSION

This action is barred by a running of the statute of limitations. Defendants are entitled to **DISMISSAL WITH PREJUDICE.**

Pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b) of the Federal rules of Civil Procedure, the parties shall have ten (10) days from service of this Report to file written objections. *See also* Fed. R. Civ. P. 6. Failure to file objections will result in a waiver of those objections for purposes of appeal. Thomas v. Arn, 474 U.S. 140 (1985). Accommodating the time limit imposed by Rule 72(b), the clerk is directed to set the matter for consideration on **June 24TH, 2005**, as noted in the caption.

DATED this 18th day of May, 2005.

/S/ *J. Kelley Arnold*
J. Kelley Arnold
United States Magistrate Judge

ORDER- 4